UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY J. THOMAS, TOMMY ROBINSON, AND DONALD K. CHRETIEN | CIVIL ACTION NO.: |
| VERSUS | SECTION: |
| U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., MOUNTAIN LAKE RISK RETENTION GROUP, INC., AND STEPHEN C. HITE | MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes U.S. Xpress, Inc., who files this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

## BACKGROUND

I.

Plaintiffs, Leroy J. Thomas, Tommy Robinson, and Donald K. Chretein (collectively "Plaintiffs"), filed a lawsuit styled *Leroy J. Thomas, Tommy Robinson, And Donald K. Chretien vs. U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., Mountain Lake Risk Retention Group, Inc., and Stephen C. Hite* in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, No. C-703044, Section "21," naming U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., Mountain Lake Risk Retention Group, Inc., and Stephen C. Hite as defendants. The suit seeks damages for Plaintiffs' alleged injuries sustained from an alleged accident occurring on Interstate 10 in East Baton Rouge Parish, State of Louisiana on or about February 27, 2020. (See attached Exhibit "1" – Plaintiffs' Petition for Damages)

II.

The state court action commenced on December 28, 2020. (See Exhibit 1) This Defendant received service of Plaintiffs' Petition for Damages naming U.S. Xpress, Inc. as a defendant on January 19, 2021; therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

### BASIS OF REMOVAL

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

IV.

Plaintiff Leroy J. Thomas is allegedly a citizen of the State of Louisiana.

V.

Plaintiff Tommy Robinson is allegedly a citizen of the State of Louisiana.

VI.

Plaintiff Donald K. Chretien is allegedly a citizen of the State of Louisiana.

VII.

Defendant U.S. Xpress, Inc. is incorporated in the State of Nevada with its principal place of business in the State of Tennessee.

VIII.

Defendant U.S. Xpress Leasing, Inc. is incorporated in the State of Tennessee with its principal place of business in the State of Tennessee.

IX.

Defendant Mountain Lake Risk Retention Group, Inc. is incorporated in the State of Vermont with its principal place of business in the State of Vermont.

X.

Defendant Stephen C. Hite is a citizen of the State of North Carolina.

XI.

Because Plaintiffs are citizens of the State of Louisiana and all Defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

XII.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

XIII.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XIV.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the

Plaintiff's Petition.  For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XV.

In the Petition, Plaintiffs allege that Stephen C. Hite was operating a 2019 International tractor-trailer rig and allegedly struck the rear of a vehicle occupied by Plaintiffs, Leroy J. Thomas, Tommy Robinson, and Donald K. Chretien. (*See* Exhibit "1" – Petition for Damages, ¶ V.) Plaintiffs allege the subject accident was caused by the negligence of defendant, Stephen C. Hite. (*Id.,* ¶ VI.)

XVI.

Per the Petition, Plaintiffs claim, as a result of the subject accident: (1) Plaintiff Leroy J. Thomas allegedly sustained "significant injuries to his head, neck, shoulders, elbow, sternum, back, buttock, legs, and other parts of his body"; (2) Plaintiff Tommy Robinson allegedly sustained "significant injuries to his head, neck, shoulders, elbows, back, hip, feet, and other parts of his body"; and (3) Plaintiff Donald K. Chretien sustained "significant injuries to his head, neck, shoulders, hands, back, buttock, legs, and other parts of his body."

XVII.

Based on information and belief, Plaintiff Leroy J. Thomas allegedly sustained injuries to his cervical and lumbar spine.

XVIII.

Based on the allegations in their Petition, Plaintiffs claim that they are entitled to recover general and special damages. (*See* Exhibit "1" – Petition for Damages, ¶ 8, 10, 12.) Specifically, Plaintiff Leroy J. Thomas alleges he has sustained and will sustain in the future the following damages: (a) physical pain and suffering, past, present and future; (b) medical expenses past, present and future; (c) mental anguish, past, present and future; (d) loss of wages, past, present and

future; (e) distress, worry, and inconvenience; (f) loss of enjoyment of life; (g) disability and disfigurement; (h) property damage; and (i) any other damages which may be proven at the trial of this cause.

XIX.

Based on the allegations of Plaintiffs' Petition for Damages, including but not limited to claims for past and **future** pain and suffering, mental anguish, medical expenses, and disability allegedly arising from the subject February 27, 2020 motor vehicle incident, it is facially apparent that the amount in controversy for at least one plaintiff, namely Leroy J. Thomas, exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XX.

Defendant does not admit the underlying facts alleged by Plaintiffs and denies liability to Plaintiffs.

**REMOVAL PROCEDURE**

XXI.

All defendants who have been properly joined and served with Plaintiffs' petition consent to this removal. This satisfies the requirement that all defendants who have been properly served with Plaintiffs' petition affirmatively consent to the removal of this action. See *Lewis v. Rego Co*., 757 F.2d 66,68 (3rd Cir. 1985)(observing that notice of removal filed before all non-resident defendants served with process still effective).

XXII.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

XXIII.

The state court action was commenced on December 28, 2020 and this removal has been

filed within one (1) year after its commencement.

XXIV.

Venue is proper within the Eastern District of Louisiana because the matter is being

removed from Section "21" of the 19th Judicial District Court, Parish of  East Baton Rouge — a

court which the Middle District of Louisiana embraces, and more specifically:

> The Honorable Donald R. Johnson, Judge
> 19th Judicial District Court, Parish of East Baton Rouge
> Section 21
> 300 North Boulevard
> Baton Rouge, Louisiana 70801

XXV.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as follows:

a. *Counsel for Plaintiffs*
   David P. Bruchhaus #24326
   Wesley A. Romero #33344
   Mudd Bruchhaus & Keating, LLC
   422 E. College Street, Suite B
   Lake Charles, LA 70605
   Telephone: (337) 562-2327
   Fax: (337)562-2391

b. *Counsel for Defendant— U.S. Xpress, Inc., U.S.  Xpress Leasing, Inc., Mountain Lake Risk Retention Group, Inc., and Stephen C. Hite*
   Andrea L. Albert (#27353)
   Stephen J. Eckholdt (#35765)
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana  70471
   Phone:  (985) 674-6680
   Facsimile:   (985) 674-6681

XXVI.

Further pursuant to 28 U.S.C. § 1447(b), a complete copy of the state court record has been requested from the 19th Judicial District Court. Upon receipt, movers will supplement this filing with a copy all state court pleadings, including any answers and any return of service of process filed in state court so far.

XXVII.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal.  She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

XXVIII.

Defendant, U.S. Xpress, Inc., requests a trial by jury.

**WHEREFORE,** Defendant, U.S. Xpress, Inc., prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

 /s/ Andrea L. Albert
**ANDREA L. ALBERT (#27353)**
**STEPHEN J. ECKHOLDT (#35765)**
**GALLOWAY, JOHNSON, TOMPKINS,**
 **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for Defendant, U.S. Xpress, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2021 a copy of the foregoing pleading

has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the

court's CM/ECF system.

/s/ Andrea L. Albert
**ANDREA L. ALBERT**